```
UNITED STATES DISTRICT COURT                        ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JACQUELINE SUZANNE GROSSO and                       :
RALPH GROSSO,                                       :
                                                    :
                        Plaintiffs,                 :   MEMORANDUM
                                                    :   AND ORDER
        - against -                                 :
                                                    :
DR. PHILIP BUCCIGROSSI,                             :   08-CV-4481 (JG) (VVP)
                                                    :
                        Defendant.                  :
---------------------------------------------------------------X
```

A P P E A R A N C E S:

    BIAGGI & BIAGGI,
        220 Fifth Avenue
        New York, NY 10001
    By:   Mario Biaggi, Jr.
        *Attorneys for Plaintiffs*

    COSTELLO, SHEA & GAFFNEY
        44 Wall Street
        New York, NY 10005
    By:   Stephen J. Levy
        Paul E. Blutman
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Plaintiffs Jacqueline Grosso ("Grosso") and Ralph Grosso bring this action, claiming that Dr. Philip Buccigrossi committed dental malpractice in his treatment of Grosso. Buccigrossi now moves for partial summary judgment, contending that some of the allegations of negligence in the complaint are barred by the statute of limitations. For the reasons set forth below, the motion for partial summary judgment is denied.

BACKGROUND

Grosso was Buccigrossi's patient for more than nine years. The treatment records reveal that she visited him approximately sixty-five times between July 1, 1998 and August of 2007. When Grosso first went to see Buccigrossi, she expressed dissatisfaction with her prior orthodontic treatment and with the general appearance of her teeth. Grosso suffered from poor dental health throughout the treatment period. She attributes that poor health to malocclusion – the misalignment of her upper and lower teeth. Grosso alleges that Buccigrossi should have treated her malocclusion by referring her to an orthodontist to realign her teeth. Instead, Buccigrossi made ineffectual attempts to treat various problems – broken teeth, recurring fractured fillings, systemic deterioration of her teeth, and severe gum problems – that Grosso contends were just symptoms of the larger problem.

Dr. Richard Bash, plaintiff's expert witness and her current treating dentist, states in his report that Buccigrossi's treatment departed from the standard of care in the following ways, which he divides into ten sections:

(1) On July 1, 1998, Buccigrossi conducted an initial cleaning without the necessary x-rays to permit proper diagnosis of malocclusion.

(2) In 1998, Buccigrossi deviated from the appropriate and reasonable standard of dental care in his treatment of tooth numbers 13, 18, 23, and 31.[1] All these teeth subsequently failed, and Bash attributes their failure to Buccigrossi's inadequate treatment and failure to diagnose Grosso's posterior bite collapse, related to her malocclusion.

(3) Buccigrossi caused the loss of tooth numbers 18 and 30 in 1998 due to a "total disregard of the periodontium and the restoration of Grosso's teeth," failed to take a vitality test on tooth number 9 in May 2001, and performed a root canal on tooth number 23, which he later removed.

---

[1] The tooth numbers in this opinion derive from the Universal Numbering System of dental notation.

(4) In 2001 and 2002, Buccigrossi created a partial denture replacing tooth numbers 23, 29, and 30, but failed to provide for proper occlusion.

(5) Buccigrossi "fail[ed] to create an adequate treatment plan during the years he treated Mrs. Grosso from 1998 to 2007 in failing to identify the etiology, diagnosis, treatment and prognosis for Mrs. Grosso's oral health which included, most significantly, a complete systematic failure to provide for proper occlusion throughout Mrs. Grosso's mouth."

(6) In 2007, Buccigrossi failed to take timely corrective action to save tooth number 6.

(7) In 2007, Buccigrossi did not have a proper treatment plan for tooth numbers 7, 8, 9, and 10, and did not provide for proper occlusion of the teeth. The teeth were filled and retreated on multiple occasions, then failed, resulting in the need for crowns on those teeth.

(8) The temporary crowns Buccigrossi created for tooth numbers 7, 8, 9, and 10 in 2007 failed to provide for proper occlusion, preventing Grosso from closing her mouth. Buccigrossi also broke teeth numbers 7 and 9, and permitted acrylic to set and harden in Grosso's mouth for an inordinate period of time. When he tried to remove the acrylic, he did so using a crown remover, causing Grosso unnecessary pain.

(9) Also in 2007, Buccigrossi failed to provide embrasure space between tooth numbers 7, 8, 9, and 10 and failed to provide plaintiff with adequate post-operative painkillers.

(10) Generally, Grosso's mouth and teeth were traumatized by being worked on so many times and without proper occlusion, requiring extensive remedial work, including periodontal surgery.

Levy Aff., Ex. I, at 3-6.

This action was filed on November 6, 2008.[2] The complaint seeks damages for malpractice, and also alleges a lack of informed consent.[3] While the complaint notes that Buccigrossi treated Grosso from July 1, 1998 to August 2007, the factual allegations of negligence in the complaint relate solely to the preparation for and installation of the crowns on

---

[2] This court has diversity jurisdiction over the action because the plaintiffs are citizens of Pennsylvania, the defendant is a citizen of New York, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

[3] Additionally, Grosso's husband Ralph Grosso brings a derivative claim for loss of "services, society, companionship, support and consortium." Compl. ¶¶ 16-22. Though there are two plaintiffs, I refer to Jacqueline Grosso as "plaintiff" in this opinion.

3

tooth numbers 7, 8, 9, and 10. Compl. ¶¶ 10-13. These allegations correspond to sections (7) (8), and (9) of Bash's litany of departures. The rest of the alleged departures from the standard of care appear to have emerged first during discovery in this action. Buccigrossi moved for partial summary judgment on April 30, 2010.

## DISCUSSION

A.  *The Standard of Review on a Summary Judgment Motion*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also, e.g., Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

The moving party must demonstrate that no genuine issue exists as to any material fact. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). A fact is "material" under Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995).

Once the moving party has met its burden, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is proper when

4

the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223-24.

B.   *The Statute of Limitations for Dental Malpractice Claims under New York Law*

An action for dental malpractice must be commenced within two years and six months of accrual. CPLR § 214-a. In general, the cause of action accrues at the time of the treatment. This action was filed on November 6, 2008. Buccigrossi contends that claims arising from any treatment prior to May 6, 2006 – essentially, the departures asserted in sections (1) to (5) of Bash's report – are precluded by the two-and-a-half year statute of limitations.

The limitations period, however, may be tolled until after the plaintiff's last treatment under the "continuous treatment" doctrine.[4] *Id.* The continuous treatment doctrine permits a patient to delay filing a lawsuit so that she can continue with corrective treatment and avoid undermining the continuing trust in the dentist-patient relationship. *See Young v. New York City Health & Hospitals Corp.*, 91 N.Y.2d 291, 296 (1998). Grosso argues that all of Buccigrossi's alleged departures from the proper standard of care arise out of a course of continuous treatment by him beginning in July 1998 and persisting until August 2007, and that all her claims of negligence are therefore timely.

For Grosso to take advantage of the continuous treatment doctrine, it is not enough to show that she was treated continuously by Buccigrossi during the relevant period. "A patient's continuing general relation with a physician, or routine, periodic examinations, will not satisfy the doctrine's requirement of 'continuous treatment' of the condition on which the …

---

[4] The limitation period for Ralph Grosso's derivative claims is not tolled by the continuous treatment doctrine. *See Otero v. Presbyterian Hospital*, 658 N.Y.S.2d 624, 625 (1st Dep't 1997) ("any tolling of the Statute of Limitations pursuant to the continuous treatment doctrine is personal to the recipient of such treatment and does not extend to a derivative claim for loss of services").

5

malpractice is predicated." *Prinz-Schwartz v. Leviathan*, 796 N.Y.S.2d 36, 39 (1st Dep't 2005). The statute extends the limitations period only where the continuous treatment was "for the same illness, injury or condition which gave rise to the act, omission, or failure" of which plaintiff complains. CPLR § 214-a. "Thus, essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit." *Nykorchuck v. Henriques*, 78 N.Y.2d 255, 259 (1991). Moreover, the statute provides that "the term 'continuous treatment' shall not include examinations undertaken at the request of the patient for the sole purpose of ascertaining the patient's condition." CPLR § 214-a.

Nor would it be enough to extend the statute of limitations for Grosso to establish that she suffered throughout the relevant period from a single condition that Buccigrossi simply failed to notice. The failure to diagnose and treat a condition does not amount to a course of continuous treatment under § 214-a. *Nykorchuck*, 78 N.Y.2d at 259 ("While the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment."). On the other hand, the case law makes clear that the continuous treatment doctrine applies where a medical provider treats the plaintiff for symptoms of a disease or condition, even while failing to diagnose the underlying cause of the symptoms. For example, in *Hill v. Manhattan West Med. Group-H.I.P.*, 661 N.Y.S.2d 229, 230 (1st Dep't 1997), a doctor repeatedly treated the symptoms of colon cancer over several years without diagnosing the disease. In response the defendant's claim of untimeliness under CPLR § 214-a, the Appellate Division replied: "Merely because defendants did not diagnose plaintiff's decedent's condition as cancer is not a basis to find that they were not treating him for it if his symptoms were such as to indicate its existence and they nevertheless failed to properly diagnose it." *Id.; see also, e.g., Green v. Varnum*, 710 N.Y.S.2d

747, 747 (4th Dep't 2000) ("The fact that the defendants did not initially diagnose plaintiff's [condition] does not detract from the conclusion that defendants treated plaintiff continuously over the relevant time period for symptoms ultimately traceable to the ... condition whose alleged misdiagnosis and alleged mistreatment have given rise to this action.").

Grosso claims that she was being treated for a single condition – malocclusion – throughout the nine-year period. Buccigrossi asserts that he was treating Grosso only sporadically for discrete problems with her teeth. He relies heavily on a line of New York authority concerning periodontal disease. In a series of cases, New York courts have rejected plaintiffs' attempts to invoke periodontal disease as a single overarching condition to bring otherwise time-barred allegations of dental malpractice within the statute of limitations. *See, e.g., Johanson v. Sullivan*, 891 N.Y.S.2d 184, 186 (3d Dep't 2009); *Marrone v. Klein*, 823 N.Y.S.2d 371, 372-73 (1st Dep't 2006); *Britton v. Garson,* 692 N.Y.S.2d 141, 142 (2d Dep't 1999); *Iazetta v. Vicenzi*, 613 N.Y.S.2d 750, 753 (3d Dep't 1994). The Third Department's decision in *Johanson* serves to illustrate the point. There, the plaintiff sued a dentist for failing to diagnose periodontal disease, and sought to extend the limitations period under CPLR § 214-a by relying on "regular visits plaintiff made to defendant between 1997 and 2006 for such purposes as cleanings, examinations, and cavity fillings." 891 N.Y.S.2d at 186. Plaintiff contended that one of the reasons that regular examinations are required by good dental practice is to avoid periodontal disease, and hence argued that she was being treated for it throughout the relevant period. The Third Department rejected the plaintiffs' argument. The dentist was not treating the plaintiff's periodontal disease – he had simply failed to diagnose and treat it – and so the case did not implicate the continuous treatment doctrine. *Id.*

7

The periodontal disease cases do not all favor the dentists, however. The question in each case is whether the defendant was treating or undertook to treat the condition giving rise to the plaintiff's suit. In *Parker v. Jankunas*, 642 N.Y.S.2d 959, 960 (2d Dep't 1996), for example, there was evidence to suggest that the defendant identified periodontal disease on the plaintiff's first visit and sporadically treated the plaintiff's gums, but failed to do so properly over the course of several years of visits by the plaintiff.[5] In these circumstances, the court found that "[t]he nature, context, and timeliness of the contacts between [the plaintiff] and the defendant present questions of fact as to the possible application of the continuous treatment doctrine." *Id.*; *see also Busti-O'Leary v. Mancuso*, 685 N.Y.S.2d 293, 294 (2d Dep't 1999); *Lee v. Goldman*, 679 N.Y.S.2d 692, 693 (2d Dep't 1998).

Applying these principles to the case before me, I conclude that there is sufficient evidence in the record to support the application of the continuous treatment doctrine. According to Grosso, when she first met with Buccigrossi, she sought treatment for dental problems including an obvious misalignment of her anterior teeth. Buccigrossi's treatment notes for December 19, 1998 show that he "adjust[ed]" her occlusion on that date. Levy Aff., Ex. E. In addition, Buccigrossi attempted to remedy Grosso's posterior malocclusion by creating a partial denture beginning in 2001. Similarly, on January 12, 2005, Buccigrossi's treatment notes state that he checked her occlusion. *Id.*

Viewing the evidence in the light most favorable to Grosso, Buccigrossi was treating Grosso's malocclusion, however ineptly, for a continuous period starting in 1998 and

---

[5] Though the Second Department's decision is sparse, the underlying facts can be gleaned from the briefs, which are available electronically.

continuing until 2007. Accordingly, the motion for partial summary judgment on limitations grounds is denied.[6]

C.  *The Defendant's Motion for Partial Summary Judgment on the Merits*

Buccigrossi also moves for summary judgment on the merits of some of the allegations of negligence in Bash's report. Two of the contested departures from the standard of care – Bash's assertions of negligence at the time of the initial cleaning and in the treatment of tooth number 6 – can be dispensed with easily. In her opposition papers, Grosso withdraws those allegations of negligence. In light of the concession, there is no need to rule on the motion for summary judgment as to those treatments. As to the remainder of the allegations, however, I conclude that Bash's expert report constitutes sufficient evidence of negligence to create a genuine issue of material fact.

## CONCLUSION

For the reasons set forth above, the defendant's motion for partial summary judgment is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 18, 2010
Brooklyn, New York

---

[6]  At oral argument, the parties expressed a shared understanding that the determination as to when the statute of limitations began to run should be made by the court, rather than by the jury. At the very least, however, the court would have the power to submit disputed questions of fact relevant to the accrual determination to the jury for advisory determination. *See* Fed. R. Civ. P. 39(c).

9