| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------X
JACQUELINE SUZANNE GROSSO                  :
                                           :
                        Plaintiffs,        :     ORDER
                                           :
            - against -                    :     08-CV-4481 (JG) (VVP)
                                           :
DR. PHILIP BUCCIGROSSI,                    :
                                           :
                        Defendant.         :
------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

       Following a four-day jury trial in this dental malpractice action, the jury on October 22, 2010 rendered a $30,000 verdict in favor of plaintiff Jacqueline Grosso.[1] Apparently dissatisfied with the size of the award, Grosso now seeks to investigate whether the jury that rendered the verdict was properly constituted.

       On December 1, 2010, Grosso's husband, Ralph Grosso ("Mr. Grosso"), contacted Jury Administrator Lori McCarthy by telephone. Mr. Grosso explained to McCarthy that his wife had been the plaintiff in a civil action tried before me, and that he suspected a noncitizen had been among the jurors. He asked how the court identifies potential jurors and was told that motor vehicle and voter registration lists are used. McCarthy properly declined to disclose additional information and instructed Mr. Grosso that any further inquiries should be made in writing.

       By letter dated December 1, 2010,[2] Grosso inquired of Clerk of Court Robert Heinemann "about all the pertinent information regarding the jurors that were selected to hear [her] case" in order to "ascertain whether every juror was proven to be a legal resident of the

---

[1] "Grosso," as used in this order, refers to plaintiff Jacqueline Grosso.
[2] This letter was filed on December 9, 2010 and appears on the docket sheet as ECF No. 45.

United States." Grosso wrote that, to her understanding, "a Motor Vehicle Registration Card and a Voter's Card were the necessary requirements for someone to show themselves to be a legal citizen of the U.S.A.," and she asked how she could obtain "validation that these documents were verified as being legitimate" in her case. In addition, Grosso asked whether she is "allowed by the law to get the names and addresses of each person who sat on the jury."

Grosso's request implicates nothing less significant than the "proper functioning of the jury system, which requires that the courts protect jurors from being 'harassed and beset'" by disappointed parties seeking bases for overturning verdicts. *United States v. Moten*, 582 F.2d 654, 664 (2d Cir. 1978) (quoting *McDonald v. Pless*, 23 U.S. 264, 267 (1915)). In such situations, "[i]t is well established in this Circuit that in order to insure that jurors are protected from harassment, a district judge has the power, and sometimes the duty, to order that all post-trial investigation of jurors shall be under his supervision." *Moten*, 582 F.2d at 665 (citing *Miller v. United States*, 403 F.2d 77, 81-82 (2d Cir. 1968)). Grosso cannot be permitted free reign to conduct an investigation into the bona fides of the jurors' qualifications on the basis of an apparently unsubstantiated suspicion. It is within my province to "take full control of the matter." *Moten*, 582 F.2d at 666.

In doing so, I must balance Grosso's right to have her claims heard by a jury composed of U.S. citizens, *see* 28 U.S.C. § 1865(b)(1), with the interest of protecting jurors from post-verdict harassment by a disappointed litigant. Grosso has articulated no basis for her suspicion that one of the jurors was not a citizen. The jurors in this case were called for jury duty because their names appeared on motor vehicle and voter registration lists. Each juror completed a questionnaire on which the first question was, "Are you a citizen of the United States?" All jurors answered in the affirmative and signed and dated their answers under penalty

of perjury. Grosso has not given the Court any reason to suspect that one or more of these jurors lied under oath.

Having made no showing in support of her request, Grosso will not be given the names and addresses of the jurors who rendered the verdict in her favor, and she is prohibited from attempting to identify or contact any of those jurors. The Court also denies Grosso's request to "validat[e]" the "legitima[cy]" of the motor vehicle and voter registration lists from which the jurors' names were selected. Unquestionably, "[w]hen there has been a showing warranting an investigation," an inquiry into the proper constitution of a jury must be permitted. *Moten*, 582 F.2d at 666. But a district court should not investigate – or permit a party to investigate – the qualifications of jurors on the whim or suspicion of a disappointed litigant. Citing several "cogent reasons" for doing so,[3] the Second Circuit has wisely declined to permit such inquiries even when they are based on suspicions far less speculative than the one expressed here, holding that "only strong evidence" of juror incompetence "will justify an inquiry into whether such incompetence did in fact exist." *Dioguardi*, 492 F.2d at 78; *see also Moten*, 582 F.2d at 666 ("[A] strict standard is necessary in order to protect jurors from the substantial potential danger of harassment inherent in permitting such an inquiry on a lesser showing."). In this case there is no evidence at all of juror incompetence, let alone the strong evidence required by law.

Accordingly, Grosso's requests are denied. Grosso is ordered to make no attempt, directly or indirectly, to investigate this matter further without first seeking permission from the Court in writing. Moreover, unless and until counsel for plaintiff moves to be relieved, and such

---

[3] "'The jurors themselves ought not be subjected to harassment; the courts ought not be burdened with large numbers of applications mostly without real merit; the chances and temptations for tampering ought not be increased; verdicts ought not be made so uncertain.'" *United States v. Dioguardi*, 492 F.2d 70, 80 (2d Cir. 1974), *cert. denied*, 419 U.S. 873 (1974) (quoting *United States v. Crosby*, 294 F.2d 928, 950 (2d Cir. 1961), *cert. denied sub nom. Mittleman v. United States*, 368 U.S. 984 (1962)).

motion is granted, further communication by Grosso with the Court should be made through counsel.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 17, 2010
       Brooklyn, New York